## ALLEN B. DANIEL

### *v.*

## HENRY GREEN *et al.*

1. BILL IN EQUITY—*for dower and partition.* Where a bill has been filed for dower and partition, and the person claiming dower dies, and the bill is dismissed so far as it claims dower, and leaves it a simple legal question whether the occupant or the heirs of the deceased claimant are the owners, a court of equity has no jurisdiction to decide that question, but it must be left to a court of law.

2. SAME. Where complainants claim that their mother inherited one-half of real estate, of which her husband died seized, and that by her death they inherited her half, the court cannot determine that question, and make partition without having the heirs of the husband before the court as parties.

And if the claim is that the title under which they claim is paramount to that of defendant, who holds adversely, then it is a question of law and should be determined in an action of ejectment.

3. SAME — *relief proper to be granted.* Where a bill is filed to obtain equitable relief the court will retain the bill and afford the relief, although it may be necessary, incidentally, to find and pass upon legal rights; but, where the bill is dismissed as to the portion founded on the right to equitable relief, and only leaves legal rights to be ascertained and passed upon, the jurisdiction of the court must fail, unless some equitable ground appears for retaining the bill.

APPEAL from the Circuit Court of Richland county; the Hon. AARON SHAW, Judge, presiding.

This was a bill, filed by Elizabeth M. Green and Henry Green, in the Richland Circuit Court, against Allen B. Daniel. The bill alleges, that, on the 20th of August, 1843, Ashael L. Powers died leaving Elizabeth his widow, and without issue; that, at the time of his death, he was seized in fee simple of lots 13 and 14 in Lilly's addition to the town of Olney; that Elizabeth, in August, 1845, intermarried with Henry Green; and she, as widow of Powers, claims dower in these lots and one-half of the same under the statute. That is, Allen B. Daniel was in possession claiming to be the owner, and had been in possession nineteen years.

Defendant answered and sets up that the premises were purchased from Ashael L. Powers on the 25th of April, 1843, by one George M. Butler, to whom Powers executed a title bond, for a conveyance on the payment of fifty dollars, within one year; that Butler assigned the bond to John M. Wilson who paid the purchase money, and filed a bill and obtained a specific performance of the agreement in October, 1845, and the heirs of Powers were decreed to convey the premises to Wilson; that he conveyed the property to Balding, and the latter conveyed to defendant. The answer denies that Elizabeth is the widow of Powers, deceased. A replication was filed to the answer.

At the June Term, 1866, Henry Green suggested the death of his co-complainant and revived the suit by making Frederick

M. Green, Mary E. Green and Harriet Green, her heirs, parties complainant.

On the hearing the court rendered a decree granting the relief sought so far as related to making partition of one-half to the heirs of Mrs. Green, and that it be held by Henry Green during his natural life. To reverse this decree defendant prosecutes this appeal.

Messrs. CANBY & WILSON, for the appellant.

Mr. J. G. BOWMAN, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity for dower and partition, brought by Henry Green and Elizabeth M. Green, his wife, in October, 1864, against Allen B. Daniel. On the trial it appeared that one Butler in the year 1843 built a house on the premises, and that Wilson purchased of Butler and that the title under which appellant claims to hold is derived from Wilson. On the other hand, it appears that one Powers previously held the property, and died leaving his widow surviving him, who subsequently married Henry Green, but left no children or decendants of children. Mrs. Green therefore claimed one-half of the premises in fee as the heir of her deceased husband, and dower in the other half. Before the trial was had in the court below, Mrs. Green died, and the suit was revived in the name of her children; and the bill was dismissed so far as it claimed dower.

After the question of dower was thus disposed of, the jurisdiction of a court of chancery over the matter in controversy was at an end. All that then remained of the case was simply, who owned the legal title, the heirs of Mrs. Green or appellant. He was in possession under a title derived from Butler or Wilson. If, as is contended, Powers sold the property to Butler, and the statute of limitations has not barred a recovery, then one-half belongs to Powers' heirs, who are not parties to the suit, and the other half to the heirs of Mrs. Green. If appel-

lant has any interest in these premises, he holds the whole and not an undivided interest in them. As the bill stood after it was dismissed as to the dower, it was simply to turn appellant out of possession of premises in his adverse occupancy.

To permit this bill to be maintained, would be to hold, that purely legal titles may be tried by a suit in chancery, instead of by an action of ejectment, in every case to recover lands adversely held. There is no fraud, mistake, accident, trust or other equitable ground of relief, alleged in the bill to confer jurisdiction upon a court of chancery. Without the equity powers of the court have been brought into action by the main purpose of the bill, the court will not try legal titles, and decree the surrender of adverse possession. When it does so, it is only incident to its legitimate equity jurisdiction. The same rule is announced in the case of *Green* v. *Spring*, decided at the present term.

The court below had no jurisdiction to decree the partition of these premises on the allegations contained in the bill, and for want of parties, and the decree must be reversed, and the cause remanded.

*Decree reversed.*