ANTON MOLLIE v. MARY PETERS.

[FILED FEBRUARY 4, 1890.]

1. **Action Quia Timet**: EJECTMENT. When both parties to a suit by their pleadings claim title to the same tract of land and each asks to have his title quieted, it is too late after decree for the losing party to urge for the first time that the proper remedy was by an action of ejectment.

2. ———. In an action *quia timet*, neither party is entitled to two trials.

ERROR to the district court for Butler county. Tried below before MARSHALL, J.

*Matt Miller*, and *E. F. Gray*, for plaintiff in error, cited: *Kilgannon v. Jenkinson*, 51 Mich., 240 [16 N. W. Rep., 390]; *Ferguson v. Kumler*, 25 Minn., 183; *Somerville v. Donaldson*, 26 Id., 75 [1 N. W. Rep., 808]; *Schmidt v. Schmidt*, 32 Id., 130 [19 N. W. Rep., 649].

*Phelps & Sabin*, (*S. H. Steele*, with them), *contra*, cited: *Gregory v. Lancaster County Bank*, 16 Neb., 411.

NORVAL, J.

This is an action in equity brought in the district court of Butler county by the defendant in error against the plaintiff in error to quiet the title to certain real estate in said county.

It appears from the pleadings that the parties own adjoining farms, and this suit grows out of a dispute as to the location of the true line dividing their lands. The strip in dispute is about thirty-six feet wide, and each party claims to be the owner thereof. The decree of the lower court quieted the title in the plaintiff below, and at the

same term of the court the plaintiff in error demanded another trial, which was denied by the court. This ruling is assigned as error and is the only question presented for our decision. It is contended that this is an action for the recovery of real property. If this is true, then it is clear that under section 630 of the Code the plaintiff in error was entitled to two trials.

The petition alleges "that she (the plaintiff) is the absolute owner in her own right of the northeast quarter of section seven (7), in township fifteen (15) north, of range four (4) east of the 6th P. M., in Butler county, and is now in the possession of said land." Further along in. the petition it is alleged that the tract in dispute is a part of said northeast quarter, that the defendant has been trespassing thereon and claims to own said strip, and that the defendant has no right thereto. The prayer of the petition is, that the title of said strip of land be quieted in the plaintiff. She does not ask for the possession of said land, nor does the decree in any manner affect the possession. This is not an action of ejectment, but is an action *quia timet*, and the plaintiff in error was not entitled to two trials. (*Harral v. Gray*, 10 Neb., 186.)

Again, the plaintiff in error made no objection to the defendant in error proceeding in equity until after it was found that the decree of the lower court was against him. Each party, by his pleading, claimed to own the strip in controversy. The plaintiff prayed that the title to the same be quieted in her. The prayer of the defendant was, "that a decree be entered that the title be quieted in the defendant, and that all rights of any and whatever character or claim of plaintiff to said strip be forever cut off and barred." Both parties having submitted their claims to the strip in question to the court, asking for equitable relief, it is too late after decree to urge for the first time that the proper remedy was ejectment. (*Gregory v. Lancaster County Bank*, 16 Neb., 411.) It follows that the

decision of the district court was correct, and is therefore affirmed.

DECREE AFFIRMED.

THE other judges concur.