## Fred W. Wolf Company v. Henry J. D. Wodrich.

1. JURISDICTION.—*When Court of Chancery Will Retain.*—While it is well settled that if a court of equity acquires jurisdiction of a case on any equitable ground it will retain the cause and afford complete relief, although it becomes necessary to enforce purely legal rights, yet the facts which bring the cause within the jurisdiction of equity must be not only pleaded but proved, and if the court in its final determination concludes that the allegations which alone gave it jurisdiction are baseless, its jurisdiction is at an end.

Fred W. Wolf Co. v. Wodrich.

Bill, for an accounting. Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in this court at the October term, 1896. Reversed and bill dismissed without prejudice. Opinion filed November 30, 1896.

## Statement of the Case.

This was a bill brought by appellee, alleging that he was employed by the appellant; that he was to be compensated by a fixed salary of $2,000 per annum, to be paid in equal monthly installments, and that he was to receive in addition, at the end of each year of his employment, ten per cent of the net profits of the business for such year; that after he had been working a few months, the appellant undertook to discharge him, notifying him that he would not be permitted to continue his services under the contract, and would no longer be employed or paid by the company; that thereafter appellant refused to give him employment or pay him any money; that he tendered his services during the entire year of 1890, and after the expiration of 1890, demanded an accounting of the business for that year, and payment of the balance of his stipulated salary, and ten per cent of the net profits, and an opportunity to examine the books of the company, which was refused.

Appellee in his bill prayed for an accounting of the business of the Wolf company for the year of 1890, with reference for that purpose, and a decree for ten per cent of the net profits, and the balance of his fixed salary.

Appellant answered the bill, denying that appellee was employed otherwise than from month to month.

The case was referred to a master to take evidence and report the same to the court. This having been done, the court, upon consideration of the evidence so reported and the arguments of counsel, found, among other things, as follows:

" That under the said contract the said complainant was to receive a fixed compensation for the services to be rendered by him, at the rate of $2,000 per year, in equal monthly installments; and that there was talk between the parties that said complainant should receive a further com-

pensation to be determined by a percentage of the net profits of the business of said company; but that the minds of the parties did not fully come together in the matter of said percentage, nor as to when the said percentage should be computed, the testimony being conflicting upon that subject.

The court further finds that this case is one in which the appeal of the complainant in the first instance to the equity side of the court was justified, upon the evidence introduced in behalf of the said complainant, and where a court of equity had jurisdiction for the determination of the matters of difference between said parties, and upon the claim of the said complainant to a right to an accounting touching the net profits; and that therefore the case is one where it is right and proper that this court should retain jurisdiction for the adjustment of all matters in dispute."

On account of the fixed salary claimed by appellee, the court awarded him the sum of $1,210, with interest at five per cent per annum from January 1, 1891, to the date of the decree; from which decree the Wolf Company prosecutes this appeal.

HAMLINE, SCOTT & LORD, attorneys for appellant.

BLACK & FITZGERALD, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The only allegation in the bill which gave a court of equity jurisdiction, was that concerning the alleged agreement by appellant to pay appellee ten per cent of the net profits made by the company; without this allegation, the bill would have presented merely the ordinary case of the claim of an employe, who insists that he has been improperly discharged, before the expiration of his time of service, for the salary which would have been due him had he continued in the service for which he was engaged.

The court below found that there was no agreement to

Fred W. Wolf Co. v. Wodrich.

pay to appellee a percentage of the net profits of the busi-
ness. Such finding was equivalent to a determination that
there had never existed any ground for the interposition of
a court of equity; in other words, the court below found
that the only just claim of the appellee was for a fixed
salary, for which his remedy at law was adequate; that
his claim for a percentage of the profits was unwarranted,
and that he had secured a hearing in a court of equity by
setting up a baseless claim.

It is a fundamental principle, that when a court of equity
has jurisdiction over a cause for any purpose, it may retain
the cause for all purposes, and proceed to a final determina-
tion of all the matters at issue.

The rule is not, that when it is claimed or alleged in a
bill that a court of equity has jurisdiction over a cause for
any purpose, it may retain the cause for all purposes, and
proceed to a final determination of all matters put at issue
by bill and answer. The subject-matter which gives a
court of equity jurisdiction must be one that actually ex-
ists, and not one that is falsely alleged in a pleading; so if
the court, in its final determination, concludes that the alle-
gation which alone gave it jurisdiction, is baseless, its
jurisdiction is at an end; it can not proceed further. To, in
such case, go on and adjudicate upon matters of purely legal
recognizance, would be to usurp a province of a court of
law, and a practice which, if followed to its logical end,
would result in sweeping into the court of chancery, a
major portion of causes now heard and determined at law.

In Green v. Spring, 43 Ill. 280, it appeared that a bill was
filed for dower and partition. The application for such re-
lief under proper allegations, undoubtedly gave a court of
equity jurisdiction. In the progress of the cause, the claim
for dower was abandoned, and it appeared that the only
persons with whom partition could be made were not par-
ties. Such being the state of the case, the Supreme Court
·∿id :

" So far as Spring is concerned, it stands a naked bill to
∾n him out of possession of land adversely claimed by

him, and to compel an account of rents and profits. If this bill can be maintained, we are at a loss to perceive why a bill in chancery can not be maintained in every instance to recover possession of land adversely held. * * * The bill was properly dismissed, as a bill of partition, for want of proper parties, and, so far as it sought to evict an adverse claimant without title, there was nothing, either in the bill or proofs, to give the court jurisdiction."

In Logan v. Lucas, 59 Ill. 237, a bill was filed asking for an injunction to restrain Lucas from any further action in respect to an execution, or in the collection of the judgment upon which the said writ was based; the court said:

" So far as the bill for an injunction was concerned, it was rightly dismissed.

Should it have been retained for any other purpose ?

There is an allegation in the bill, that there has never been any final settlement between the parties, of their partnership matters, and that upon a fair settlement of them there would be due the complainant, in his opinion, $4,000, or thereabouts, and the bill prays that a final account may be taken of all the partnership matters. * * * The real causes of complaint, beside the judgment and execution in question, seem to be the non-payment of the sum of $1,664, and the partnership debts, according to the agreement of Lucas. But, for the non-payment of this sum, and the violation of Lucas' agreement in not paying the partnership debts, the complainant has a sufficient remedy at law.

We are of opinion that the bill was rightly dismissed, and the decree of the court below is affirmed."

In County of Cook v. Davis, 143 Ill. 151, the court said:

" In actions cognizable at law, the mere fact that an accounting is necessary, even when there are cross-accounts, is insufficient to give a court of equity jurisdiction (Hadley v. Morrison, 39 Ill. 392), ' the general rule being that a proper case is presented when the remedies at law are inadequate.' Pomeroy's Eq., 177, 178, 1420, 1421; Story's Eq. Jur., 458, 459. * * * It is well settled that if the court of equity acquires jurisdiction on any equitable ground, it

will retain the cause and afford complete relief, although it becomes necessary to enforce purely legal rights. Pomeroy's Eq. 229, 230; Story's Eq. Jur., 74; City of Peoria v. Johnson, 56 Ill. 45; Rawson v. Fox, 65 Id. 200; Pool v. Docker, 92 Id. 509. If, however, the allegations of the bill creating equitable cognizance are not sustained, the jurisdiction will fail. *Supra*, and Daniel v. Green, 42 Ill. 471; Green v. Spring, 43 Id. 280."

Appellee has assigned cross-errors, and insists that the court below should have found that there was a contract to pay appellee ten per cent of the net profits, and should have required appellant to account therefor.

Such finding would have sustained the jurisdiction of the court and given it power to go on and award, as it did, to appellee, the unpaid amount of the fixed salary promised him.

We have examined the conflicting evidence reported by the master, presented to the court below, and brought here, and are unable to say that the chancellor erred in finding that the minds of the parties, as to the alleged agreement to pay ten per cent of the profits, did not meet, and that there was no contract therefor.

Such being the case, the decree of the Circuit Court must be reversed, and the complainant's bill here dismissed. without prejudice.