### DAVENPORT v. WOLF et al.

No. 6588—Opinion Filed June 6, 1916.
(158 Pac. 382.)

**1. Quieting Title—Jurisdiction—Cross-Petition.**

It is no objection to the jurisdiction of the court in an action to quiet title that plaintiff is not in possession, where defendant files a cross-petition asking that his own title be established and quieted, as the court is thereby given jurisdiction of the entire controversy.

**2. Taxation—Delinquent Tax Sale—Validity.**

Where the statute requires that under a delinquent tax sale the land shall be offered for sale at the office of the county treasurer, and same was offered for sale at the front door of the courthouse, there has not been a substantial compliance with the statute, and such sale is void.

(Syllabus by Day, C.)

Error from District Court, Okfuskee County; John Caruthers, Judge.

Action by Freeland Wolf against R. G. Davenport. Judgment for plaintiff, and the defendant named brings error. Affirmed.

J. C. Wright, for plaintiff in error.

J. B. Patterson, C. T. Huddleston, and R. A. Hockensmith, for defendant in error.

Opinion by DAY, C. Freeland Wolf, plaintiff below, instituted this action in the trial court against R. G. Davenport, defendant below, and the parties shall hereinafter be referred to as they appeared in the trial court.

Plaintiff's action was to quiet title to certain lands, the same being his surplus allotment, and the petition, among other things, alleged that plaintiff was in possession and the legal and equitable owner of said lands.

Defendant answered, denying plaintiff's possession and ownership, and also filed a cross-petition in which, among other things, he alleged that at the time of the institution of the suit he was in possession of said lands, and that he was owner thereof by virtue of a tax deed, a copy of which he attached as an exhibit to his cross-petition, and concluded same by praying that he be declared to be the legal and equitable owner of the lands described in said tax deed, and that the claims of plaintiff and other parties to the action be declared clouds upon defendant's title, and that same be declared void, and that the title be established and quieted in said defendant. There were other parties and proceedings not necessary to set out herein for a proper consideration of this case.

Plaintiff replied to defendant's cross-petition setting up that defendant's tax deed was void upon several grounds, and tendered into court all taxes levied against said land and prayed that defendant's tax deed be canceled, and that plaintiff's title to said lands be forever quieted and confirmed, and that the defendant, R. G. Davenport, and all others claiming an interest under him, be forever barred and precluded from asserting same.

Upon the issues thus made the cause was tried to the court, which resulted in judgment for plaintiff, from which judgment this appeal is prosecuted.

The record discloses that, among other findings, the court found the facts in this case as follows: (a) That plaintiff, Freeland Wolf, is the legal owner and in possession of the premises described in his petition; (b) that said land was sold on the 16th day of June, 1910, for the 1909 taxes to Okfuskee county, Okla., and was assigned to defendant, R. G. Davenport, on April 3, 1911; (c) that on the 3d day of August, 1912, A. Thomas, then county treasurer of Okfuskee county, Okla., executed a tax deed to R. G. Davenport to the land in question; that said deed recites on its face that said land was offered for sale at public auction at the front door of the courthouse.

Defendant in his brief urges chiefly as grounds for reversal the action of the court in finding that plaintiff was in possession of the premises at the time of the institution of the suit. In the view we take of the case we deem this question immaterial. Defendant filed his cross-petition alleging possession in himself and asking that his own title be established and quieted, and for other affirmative relief, and thereby gave the court jurisdiction of the entire controversy.

"A defendant who files a cross-bill to quiet title thereby gives the court jurisdiction of the whole controversy, although plaintiff is not in possession." 32 Cyc. 1338.

In Goodrum v. Ayers, 56 Ark. 95, 19 S. W. 98, Mr. Justice Hemingway, speaking for the court, uses the following language:

"Conceding that the plaintiff was not in possession of the land, and for that reason

could not maintain a suit to quiet title, it cannot avail the appellant; for he filed a cross-bill seeking to quiet his own title, and it gave the court jurisdiction of the entire controversy." Radcliffe v. Scruggs, 46 Ark. 96.

In Sanders v. Village of Riverside, 118 Fed. 720, 55 C. C. A. 240, the first paragraph of the syllabus reads as follows:

"The filing of a cross-bill in a suit to quiet title, alleging possession in defendant, and praying that its own title be established and quieted, confers jurisdiction on a court of equity to determine the question of title, as between the parties, and grant relief to the one entitled to the same, although the fact that plaintiff was not in possession would have defeated the jurisdiction upon the original bill."

To the same effect are Siedschlag v. Griffin, 132 Wis. 106, 112 N. W. 18; Mollie v. Peters, 28 Neb. 670, 44 N. W. 872.

The statute in force at the time of the sale of this land (Sess. Laws 1909, p. 606) provides that the land shall be offered for sale at public auction at the office of the county treasurer, where by law, the taxes are made payable. The tax deed in the instant case recites that the land was offered for sale at public auction at the front door of the courthouse in said county.

Plaintiff insists that by reason of the fact of the land having been offered for sale at the front door of the courthouse, when the law requires that it should be done at the office of the county treasurer, said sale was void. We are of the opinion that plaintiff's contention in this regard should be sustained.

"The tax sale must take place at the exact place designated by law or named in the advertisement; otherwise it will be void. This requirement is supported by the same considerations which demand that the sale should take place on the day appointed by law." Black on Tax Titles (2d Ed.) sec. 227.

"The sale must be made at the very time and place provided by law for that purpose. In this regard the utmost strictness is required since otherwise the whole purpose of the notice, both as regards information to the public and protection to the owner of the land, will be defeated." Cooley on Taxation (3d Ed.) p. 938.

The sale being void, it necessarily follows that the tax deed subsequently issued is also void, and without effect. Having reached this conclusion, it is not necessary to consider other questions presented by the record.

Finding no error, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.