## DOUGHERTY v. LOONEY.

No. 14294—Opinion Filed Sept. 25, 1923.

Rehearing Denied May 26, 1925.

(Syllabus.)

**1. Quieting Title—Possession by Plaintiff —Necessity.**

In a suit to quiet title, where defendants filed an answer setting up title in themselves as the owners and praying that judgment be entered in their favor quieting title against plaintiff's claim, the court has jurisdiction without regard to whether plaintiff was in possession, and proof of possession is not necessary.

**2. Adverse Possession — Actual Possession of Part of Land—Constructive Possession of All.**

While it is generally true that possession under color of title, although only a part of the premises is actually occupied, is coextensive with the boundaries of the land described in the deed, this doctrine is subject to the exception that no such presumption will be indulged as to the extension of boundaries so as to give constructive possession against the true owners, unless his boundaries have been invaded by actual possession and occupancy of a part of his land.

**3. Limitation of Actions—Adverse Possession—Requisites.**

In order for an action to be barred under section 4491, chap. 97, Mansfield's Digest of the Laws of Arkansas, by adverse possession, such possession must be adverse, open, visible, continuous, and exclusive, with a claim of ownership such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by Ellen B. Looney against James T. Dougherty and others. Judgment for plaintiff, and defendant brings error. Affirmed.

T. J. Lillard, for plaintiff in error.

Chas. A. Moon and Francis Stewart, for defendant in error.

COCHRAN, J. This was an action to quiet title to certain real estate in Wagoner county, Okla., instituted by defendant in error, as plaintiff, against plaintiff in error and others, as defendants. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court. The land in controversy was a portion of the allotment of Ellis Roberts, a Creek freedman, who died about 1901, leaving as his sole heir Jack Roberts. The plaintiff claims title through a deed executed by Jack Roberts on April 27, 1904, and defendant claimed title through deed executed by Jack Roberts to him on September 19, 1904. The defendant contended that he had been in adverse possession of the property under color of title for more than seven years and that the statute of limitations, provided by chapter 97 of Mansfield's Digest of the Laws of Arkansas, was a complete bar to a recovery by plaintiff. He also contends that the judgment was contrary to the evidence because, the action being one to quiet title, it was necessary for plaintiff not only to

prove her title, but that she was in possession of the land at the time suit was filed, relying upon the decision of this court in McMurrough v. Alberty, 90 Okla. 4, 215 Pac. 193. In the case at bar, the defendants filed an answer setting up title in themselves as owners and asking that judgment be entered in their favor, quieting title against plaintiff's claim. In these circumstances, the court has jurisdiction without regard to whether the plaintiff was in possession, and proof of possession is immaterial. Gafford v. Davis, 58 Okla. 303, 158 Pac. 490; Davenport v. Wolf, 59 Okla. 92, 158 Pac. 382; Radcliff v. Scruggs, 46 Ark. 96.

As to the contention that the judgment is contrary to the law and evidence because it is barred by the statute of limitations, it is the contention of the defendants that they entered into possession of the land September 19, 1904, and have been in continuous, uninterrupted possession of said lands since that time, and that they have good title by virtue of such adverse possession, and plaintiff's right to maintain this action is barred by section 4491, chapter 97, Mansfield's Digest of the Laws of Arkansas, which provides:

"No person or persons, or their heirs, shall have, sue, or maintain any action or suit in law or equity for any lands, tenements, and hereditaments, but within seven years next after his, her, or their right to commence, have, or maintain such suit shall have fallen or accrued."

The land in controversy was wild, unfenced, timber land and no one was in the actual, open, and notorious possession thereof. The defendants do not claim that they had such adverse possession of the land as to bring them within the provisions of the foregoing statute, except for the fact that in the deed executed by Jack Roberts in September, 1904, 160 acres of land was deeded, consisting of four separate 40-acre tracts, the land in controversy being one of these forties. Defendants went into actual possession and placed in cultivation portions of three of these tracts, but the only acts of possession of this particular 40 was gathering of fire wood, and cutting posts and logs which were used in making improvements on the other land. Defendants contend that the actual possession of a portion of the land described in the deed extended the possession to all of the lands described in the deed, relying upon the following cases: Hebbard v. Scott (Tenn.) 32 S. W. 390; Gotterman v. Schiermeyer (Mo.) 19 S. W. 484; Hubbard v. Kiddo, 87 Ill. 578; Pearson v. Herr, 53 Ill. 145;

Crispin v. Hanover, 50 Mo. 536; Boynton v. Ashabranner (Ark.) 88 S. W. 566; Sparks v. Farris (Ark.) 74 S. W. 945. The Supreme Court of Arkansas has announced an exception to the rule above contended for in Haggart v. Ranney, 884 S. W. 703, of follows:

"But this doctrine must be taken with the important exception that no such presumption will be indulged as to extension of boundaries, so as to give constructive possession as against the true owner, unless his boundaries have been invaded by actual possession and occupancy of a part of his land. The rightful owner is deemed to be in possession until he is ousted or disseized. Possession follows title, in the absence of any actual possession adverse to it. * * * Constructive possession follows the title until there has been an invasion of this possession of the rightful owner by an actual occupancy of at least a part of the tract, and an actual occupancy of a part of the contiguous tract owned by another does not oust the constructive possession of the true owner even though both tracts be described in the same instrument."

In the instant case, defendants did not have actual possession of any portion of the land belonging to the plaintiff, and, in the absence of actual possession of some portion of plaintiff's land, the defendants will not be held to have constructive possession of such land because it is described in a deed to defendant in connection with other lands, which are in the actual possession of defendants, but not being any portion of plaintiff's land. This exception to the general rule is announced in 2 C. J. 241, in the following language:

"While it is generally true that possession under color of title, although only part of the premises is actually occupied, is coextensive with the boundaries in the deed, the rule, it has been held, is subject to the limitation that if the title is void as to part of the conveyed the occupation of that part to which the grantor has title will not give the grantee constructive possession of the other part to which he has no title so as to disseize the real owner and to divest him of the whole tract described in the deed."

Since the actual possession of the other lands is not sufficient to constitute adverse possession of this particular tract, the defendants could not be entitled to judgment unless the facts in this case are sufficient to amount to adverse possession of this particular tract. In Flesher v. Callahan, 32 Okla. 283, 122 Pac. 489, this court said:

"A possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership, such as will

notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants." See, also, Mooney v. Coolidge, 30 Ark. 640.

The facts shown in the instant case are not sufficient to constitute title by adverse possession. Driver v. Martin (Ark.) 60 S. W. 651; Boynton v. Ashabranner, supra; Draper v. Shoot, 25 Mo. 197; Harvis v. Wagoner (Tex.) 148 S. W. 606; Todd v. Weed, (Minn.) 86 N. W. 756. The statute does not begin to run against the owner of the legal title where no one is in actual possession, as the constructive possession follows the legal title. Street v. Reynolds, 63 Ark. 1; Gates v. Kelsey, 57 Ark. 527; Killiam v. Carter, 65 Ark. 68.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.