## BROWN v. WINNE et al.

No. 11748—Opinion Filed Oct. 9, 1923.

**1. Equity — Additional Parties — Complete Relief.**

Court of equity which once obtains jurisdiction of a controversy administers complete relief, making additional parties where the same are indispensable to a complete adjudication.

**2. Same — Sufficiency of Cross-Petition — Partnership and Individual Claims—Accounting.**

Where A. and B. sued C. as a stakeholder, claiming to be the owners of a fund in his possession, and C. admits possession of said fund, and states that D. is a claimant of said fund also, D. is entitled to litigate his claim, although the same involves partnership and individual accounts. Held, that where D. alleges both individual and partnership transactions and sets forth facts sufficient, if true, to establish ownership of said fund, so held, it was error to sustain a demurrer to his cross-petition.

**3. Same — Proceedings ·in Equity — Settlement of Partnership Affairs.**

Where, under the allegations of a cross-petition (taken as true for the purpose of a demurrer), it appears that certain funds are claimed by various members of a partnership, the parties having invoked the jurisdiction of the court by claiming the fund in a third person's hands cannot be heard to say that an accounting should not be had because no final settlement of the partnership affairs has been had. In such case a court of equity should treat the proceeding as an action for a settlement and accounting and should settle the partnership by ordering its liabilities discharged, closing its affairs, and ascertaining the plus and ordering a division of its property or proceeds. (Baughman v. Hebard, 65 Okla. 208, 166 Pac 88.)

(Syllabus ·by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Custer County.

Action between John Winne and P. J. Mulkaren and J. R. Brown. Demurrer to cross-petition of J. R. Brown sustained, and he brings error. Reversed and remanded.

A. J. Welch, for plaintiff in error.

Eugene Forbes, for defendant in error.

Opinion by LYONS, C. Winne and Mulkaren, two of the defendants in error, sued Jones to recover the sum of $1,062 held by him as a stakeholder. Jones answered, admitting the possession of said sum, but stating that one J. R. Brown also claimed to be the owner of said money, and that said money was a part of the proceeds of certain drilling rigs in which Winne and Mulkaren and J. R. Brown each had an interest. Brown thereupon filed his answer and cross-petition, in which he claimed the said sum of $1,062. as his property by reason of certain transactions between him and Winne and Mulkaren, which culminated in the sale of two certain drilling rigs. Brown alleges, in effect, that Winne and Mulkaren, and one Maddox, and Brown, as partners, owned a certain rig, known as the Cowden rig; that Brown himself, as sole owner, owned another rig known

as the Johnson rig; that the two rigs were sold together in one bargain to one man, the Johnson rig (owned exclusively by Brown) for $8,000, and the Cowden rig (owned by four parties) for $12,000. At the time of the sale there was sold with the Cowden rig, property which belonged to the Johnson rig (Brown's exclusive property) of the value of $7,856, which it is alleged the Johnson rig had loaned to the Cowden rig. It is further alleged by Brown that against this claim the Cowden rig had an offset of $1,614, property loaned by it to the Johnson rig, that therefore the Johnson rig (property owned exclusively by Brown) had a claim against the partnership property, the Cowden rig, in the sum of $6,421.60, and that therefore each of the partners owes the defendant $1,560.40. Exhibits setting forth the various items of property and said sum are attached as Exhibit "A" and Exhibit "B" to Brown's answer. The lower court sustained a demurrer to Brown's answer and cross-petition and judgment was rendered in favor of the plaintiffs, requiring Jones to turn over this sum of $1,062. to plaintiffs. It is from this judgment that the appeal is taken.

It is said by counsel for Winne and Mulkaren that the judgment of the lower court is correct because Brown's answer disclosed a partnership, and that under the rule announced in the case of Baughman v. Hebard, 65 Okla. 208, 166 Pac. 88, Brown cannot maintain an action until a settlement of the partnership affairs has been had. It is also said that Maddox is a necessary party to this action. If these contentions are correct, no judgment could be rendered in favor of the plaintiffs in the court below, and it was the duty of the court to deny the plaintiffs' claim as well as Brown's. However, this is not the rule. The case of Baughman v. Hebard, supra, lays down the following rule:

"Under the law and the evidence here the plaintiff was not entitled to maintain this suit to recover a definite sum, as a settlement of the partnership affairs had never been had against his partner, but, inasmuch as the defendant below in his pleadings sought the aid of a court of equity to make a settlement of the partnership affairs, and the trial court, by consent of the parties hereto, treated the same as a proceeding in equity for that purpose, the court had jurisdiction and should have settled the partnership by ordering its liabilities discharged, collecting its assets, and ascertaining the plus and ordering a division of its property or proceeds."

It is further horn-book· law that a court of equity, having once obtained jurisdiction of a controversy, will retain such jurisdiction for the purpose of administering complete relief. The court below should have treated

Brown's cross-petition as a proceeding in equity for the settlement of the partnership affairs, and should have adjudicated the claim of the partnership. Maddox, who is said to have been a partner in the Cowden rig (and for the purpose of the demurrer this statement is taken as true), should have been made a party to the action.

The transactions set forth in Brown's cross-petition are not unusual in the oil fields. They amount, in substance, to this: Brown owned one rig exclusively, which he operated as his sole property. Winne, Mulkaren, Maddox, and Brown owned another rig, known as the Cowden rig. Their relationship may have been, in legal effect, a partnership for a single venture. The "Cowren rig" "borrowed" from the "Brown rig" drilling apparatus, such as elevators, Eureka tongues, bull dog spear, sand line, and other equipment, of the value of $7,856. The "Brown rig" "borrowed" from the "Cowden rig" a 70-foot drill stem, six tool joints, and one pair six-inch elevators, of the value of $1,614. Both rigs, with all of the tools, machinery, and appurtenances, were sold at one bargain to one man for the sum of $12,-000. Brown, as exclusive owner of the "Brown rig," has a balance against the "Cowden rig" owners. By reason of certain indebtedness against the Brown rig, this amount is reduced so that Brown's claim against Winne is approximately $1,000, and against Mulkaren approximately $1,000. It was the duty of the court below, since equity was invoked in this action, to proceed to a full determination of the rights of the parties, making such other parties as are indispensable to a proper adjudication.

The judgment is, therefore, reversed and remanded, with directions to proceed in conformity with the views herein expressed.

By the Court: It is so ordered.