## WILSON v. COX.

No. 14013—Opinion Filed Sept. 23, 1924.

1. **Oil and Gas—Reservation of Minerals Rights in Deed—Basis for Quieting Title.**

An exception in a deed, reserving to the grantor, his heirs and assigns, the oil, gas, and mineral rights in and under the lands conveyed, together with the right of egress and ingress at all times to explore, prospect for, mine, and remove such products in the usual way, reserves an interest in the fee in the grantor and is sufficient title to support an action to remove a cloud and quiet title to such estate.

2. **Quieting Title—Issues—Complete Relief.**

The defendant, in an action to quiet title and remove a cloud, by filing a cross-petition setting up title and possession in himself and praying that his own title be confirmed and quieted as against the claims of the plaintiff, confers jurisdiction upon the court to determine the entire question of title as between the parties and to grant relief to the one entitled thereto.

3. **Same—Incidental Relief—Cancellation of Instrument.**

In an action to quiet title, where the defendant by answer and cross-petition sets up a claim to the estate adverse to the plaintiff, and upon a trial of the issues it is found that the plaintiff is the owner of said estate and that the defendant has no title or interest therein, and such title is quieted in the plaintiff, it is not error for the court, as an incident of said judgment and decree, to cancel of record an instrument purporting to affect the plaintiff's title, even though such instrument is insufficient of itself to constitute a cloud upon such title.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action brought by Eugene Cox to quiet

title in and to certain lands in Love County, against C. R. Wilson. Judgment for plaintiff, and defendant has appealed to this court. Affirmed.

Giddings & Giddings, for plaintiff in error.

Cruce & Potter, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendant as they were designated in the trial court.

On the 13th day of March, 1914, the plaintiff, Eugene Cox, being owner in fee of certain lands in Love county, Okla., conveyed the same by general warranty deed to one J. C. Rice, reserving, however, from the estate granted, the oil, gas and mineral rights in and under said lands. The exception in the deed, was as follows:

"Excepting the oil, gas, and minerals and mineral rights, in and under said lands, which oil, gas and minerals and mineral rights, is hereby expressly reserved to the first party, his heirs and assigns together with the right of egress and ingress at all times to explore, prospect for, mine and remove such products, in the usual way, subject however to the payment for actual damages, if any, to growing crops and improvements caused by such operations."

This deed was recorded in the office of the county clerk of Love county on the 24th day of April, 1914. The defendant holds title to said real estate through mesne conveyances from the said J. C. Rice. On the 18th day of January the defendant caused the following affidavit to be recorded in the office of the county clerk of said county:

"C. R. Wilson, of lawful age, being first duly sworn, deposes and says as follows: I am the owner of the following described land, lying and being in Love county, state of Oklahoma, to wit: North 19.66 acres of lot 3; sec. 4 twp. 6 south, range 1 east, and the south 20 acres of lot 3 of section 4, and the W. ¼ o. the S. E. ¼ of N.W. ¼ sec. 4, and S.W. ¼ of S E. ¼ of N.W. ¼ of sec. 4, twp. 6 south. range 1 east, and that same was purchased for a good and valuable consideration and that by reason of this purchase on my part, I hereby claim all oil and mineral rights in and to the above described land and all gas rights therein.

"Dated this the 18th day of January, 1922.
"C. R. Wilson, Claimant."

On the 13th day of February, 1922, the plaintiff commenced this action in the district court of said county, alleging in his petition that he was owner of the mineral rights mentioned in the exception contained in said deed, and that the affidavit and recording thereof constitute a cloud upon his title to the oil, gas, and mineral rights in and under said lands, and prayed that said affidavit be canceled of record and his title be quieted.

A demurrer was interposed to this petition, one of the grounds being that this did not state sufficient facts to constitute a cause of action. It does not appear, however, that this demurrer was ever presented to or passed upon by the court, and upon the same day that the demurrer was filed, an answer and cross-petition was filed by the defendant, which consisted (1) of a general denial; (2) admitted that the defendant caused to be recorded in the office of the county clerk of said county the affidavit above referred to, and by way of cross-petition the defendant alleges that he was the owner in fee simple of the lands described in the plaintiff's petition, that the exception of the oil, gas and mineral rights contained in said deed from Eugene Cox to J. C. Rice was void for the reason that said exception was in conflict with the granting clause of said deed, and for the further reason that said exception was not supported by an adequate consideration, that the plaintiff was not in possession of said lands at the time of the commencement of the suit, and further that the plaintiff's claim to the mineral rights in and under said land was adverse to the title claimed by the defendant, and constituted a cloud upon his title, and prayed judgment decreeing defendant to be the owner in fee simple of said premises, and that the plaintiff be barred from asserting any right, claim or interest in or to said lands by virtue of the exception mentioned in said deed. A demurrer was sustained to the cross-petition and the case was tried upon the petition and answer, on the 22nd day of July, 1922, resulting in a decree for the plaintiff. The defendant has appealed to this court, and contends that the judgment and decree should be reversed for the reasons: (1) That the plaintiff had no such interest in said lands as would authorize him to maintain an action to quiet title, remove a cloud, or in ejectment. (2) Because said affidavit did not constitute a cloud upon the plaintiff's title to the oil, gas, and mineral rights in said lands.

The right of the owner of land to the oil, gas, and other minerals beneath it is a proper subject of sale and may be granted or reserved, and the exception in the deed from the plaintiff to Rice reserved to the grantor an interest in the fee (Rich v. Doneghey, 71 Okla. 204, 177 Pac. 86; Baker v.

Campbell-Ratcliff Land Co., 64 Okla. 249, 167 Pac. 466) ; and if the title, reserved in the plaintiff by virtue of such exception, was so clouded as to render it unsalable in the market, no reason is perceived why such cloud should not be removed by a court of equity. Wilson v. Bombeck et al., 38 Okla. 498, 134 Pac. 382, 5 R. C. L. 657 ; Randolph v. Mullen, 73 Okla. 199, 175 Pac. 512. It has been held by this court in Levindale Lead & Zinc Mining Co. v. Fluke et al., 48 Okla. 480, 150 Pac. 481, following Groves v. Jennings (Kan.) 26 Pac. 738, that section 466 of the laws of 1921 does not take away any of the previous existing equitable remedies and that one who owns the legal title, though not in possession, may independent of such section maintain a suit to remove a cloud.

But there is another reason why this contention cannot be sustained. The defendant filed an answer and cross-petition alleging title and possession in himself and praying that his title to the interest claimed by the plaintiff be established and quieted and confirmed. This gave the court jurisdiction of the entire controversy.

"A defendant who files a cross-bill to quiet title thereby gives the court jurisdiction of the whole controversy, although plaintiff is not in possession." 32 Cyc. 1338.

"The filing of a cross-bill in a suit to quiet title, alleging possession in defendant, and praying that its own title be established and quieted, confers jurisdiction on a court of equity to determine the question of title, as between the parties, and grant relief to the one entitled to the same, although the fact that plaintiff was not in possession would have defeated the jurisdiction upon the original bill." Sanders v. Village of Riverside, 118 Fed. 720, 55 C. C. A. 240."

See, also, Davenport v. Wolf, 59 Okla. 92, 158 Pac. 382; Moiser v. Homsen, 13 Okla. 41, 74 Pac. 905.

The second contention is that the recording of the affidavit was an idle performance, that there is no law authorizing the recording of such affidavit, and that the court erred in ordering the same canceled of record. It is not contended that the court erred in sustaining the demurrer to the plaintiff's cross-petition upon the grounds that the same did not constitute a cause of action. The decision upon the demurrer amounted to a final judgment and is conclusive against the defendant upon all of the grounds set up in said cross-petition as well as upon every ground which might have been presented. Pettis et ux. v. McLain

et al., 21 Okla. 521, 98 Pac. 927 ; Goldsborough. v. Hewitt, 23 Okla. 66, 99 Pac. 907, 138 Am. St. Rep. 975; El Reno v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650; McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029 ; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162. It, therefore, having been determined that the defendant had no interest in or to the oil, gas, and mineral rights embraced in the exception in said deed, no substantial right of his was affected by removing said affidavit from the record.

We find no reversible error in the record, and recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.