## BARTLETT et al. v. JAMES.

No. 17601. Opinion. Filed Feb. 7, 1928.

Order Sept. 11, 1928, Granting Rehearing Vacated, Original Opinion Refiled, and Rehearing Denied Dec. 10, 1929.

B. W. Griffith and Lytle & Field, for plaintiffs in error.

B. W. Griffith, for plaintiff in error Texas Company.

E. J. Van Court and Hughes, Foster & Ellinghausen, for defendant in error.

TEEHEE, C. On January 19, 1925, Billie James, plaintiff below, brought suit in equity against H. U. Bartlett, Eva M. Bartlett, Robert Oglesby, the Texas Company, a corporation, and the Title Guaranty & Trust Company, of Tulsa, a corporation, defendants below. He alleged ownership of certain described real property situated in Creek county, and that the same was vacant and unoccupied; that the defendants had taken various deeds, leases and mortgages upon the land, which were void as against him, and constituted a cloud upon his title, and unless the same were canceled and removed, an irreparable injury would result to him; that the various instruments were in the possession of the defendants. He prayed cancellation of said instruments, and that the title be quited in him as against said defendants, and that each of them be perpetually barred and enjoined from asserting any right contrary to plaintiff's ownership, and for general relief.

Defendants answered, with the Bartlett Developing Syndicate No. 1, a trust estate, entering its appearance in lieu of Eva M. Bartlett. They denied every material allegation set up in the petition, except that they admitted being the holders of the certain deeds, leases and mortgages described in plaintiff's petition; and further answered that the property involved, long prior to the filing of the suit, had been conveyed by the defendants H. U. Bartlett and Eva M. Bartlett to the defendant Bartlett Developing Syndicate No. 1, which was a trust estate; and that they be hence dismissed from said cause with costs.

With the exception of H. U. Bartlett and Eva M. Bartlett, the defendants filed their cross-petition against plaintiff, alleging ownership of the property in the syndicate and the defendant Robert Oglesby, and of which these defendants were in possession; that the defendant Texas Company was the holder of a valid and subsisting oil and gas mining lease on the property, and that the Title Guaranty & Trust Company had valid and subsisting first and second mortgages there-

on; that the interests of said defendants were paramount to the claims, if any existed, of the plaintiff, and that they were entitled to have their title quieted as against the plaintiff, and any person whomsoever claiming by, through, or under him, and thereupon prayed such affirmative and general relief. Plaintiff, by replication, denied the cross-petition.

The cause was tried to the court without the intervention of a jury. Upon conclusion of the evidence and announcement of rest by both sides, defendants moved to dismiss their cross-petition, which motion was by the court sustained; and upon conclusion of the argument, the court rendered judgment against the defendants, and decreed the title to said property to be in plaintiff, and that he was entitled to the immediate possession thereof; that the instruments held by the defendants, constituting a cloud upon plaintiff's title, be canceled and removed, and that the defendants be forever barred and enjoined from asserting any contrary interest in said property; and ordered that the defendants be ousted from said property, and that plaintiff be placed in possession thereof, to all of which the defendants excepted, and have brought the cause to this court for review.

In our consideration hereof the parties will hereinafter be designated as they appeared in the trial court.

In their challenge of the judgment, the defendants set forth seven assignments of error, all of which, with the exception of those dealing with questions arising upon the evidence and admissibility thereof, may properly be considered under the sixth and seventh assignments, which go to the power of the court to render the judgment complained of, as, in our view, that is the vital question in this appeal. These raise the question as to the effect upon the whole case of defendants' dismissal of their cross-petition. As to the right of the defendants in that premise no point is made, nor are we concerned with the question of whether or not the action of the court in permitting and approving the dismissal was prejudicial error to plaintiff's rights, as no cross-appeal therefrom was made. Section 782, C. O. S. 1921; Turner v. Mills, 22 Okla. 1, 97 Pac. 558; Hanna v. Barrett, 39 Kan. 446, 18 Pac. 497.

The only point of irregularity in this connection urged by plaintiff is that defendants' motion for dismissal came too late, for the reason that it was made after final submission of the cause to the court for decision.

The record does not appear to sustain plaintiff's contention, as it shows that upon the announcement of rest by both sides, the court recessed until the following day, and upon resuming consideration of the case the defendants moved to dismiss their cross-petition without prejudice, with the plaintiff requesting permission of the court to amend his petition to conform to the evidence in the case, whereupon the court heard argument and rendered judgment as indicated. Aside from the stenographic report of the proceeding in the record, the journal entry of judgment recites as follows:

"And, now on this 3rd day of March, 1926, the same being a like judicial day of the regular term of the above-named court, this cause comes on to be heard, and the court proceeds to hear argument of counsel in said cause, and thereupon the said defendants move the court to dismiss their cross-petition herein, which motion is by the court sustained, to which action of the court the plaintiff excepts; and thereupon the court proceeds to hear further argument in said cause upon the plaintiff's petition herein, and the answer of the defendants thereto, and said argument having been concluded, the court being fully advised in the premises, finds the issues as to title of the lands in controversy herein in favor of the plaintiff and against said defendants, and each of them, and thereupon, upon request of said defendants, for special findings of fact as to the possession of said property, the court finds as a fact that the said defendants and those claiming under them are now, and were at the time of the commencement of this action, in the actual possession of the lands involved herein."

No action appears to have been taken on plaintiff's request to amend.

It therefore clearly appears that the dismissal was made before final submission of the cause to the court for decision. 9 R. C. L. 196, par. 8.

The matter of the effect of the dismissal is not without difficulty of solution under the further contention of plaintiff upon the main issue hereinafter noticed. As a general rule, it cannot be doubted that the dismissal of the cross-petition left the case as if no cross-petition had ever been filed, and that the court was without jurisdiction to render judgment upon any matters involved therein. Taylor v. Hill (Tex. Civ. App.) 183 S. W. 836; Fulton v. Fisher, 239 Mo. 116, 143 S. W. 438; Puffer v. Welch, 141 Wis. 304, 124 N. W. 406; Rucker v. Baker, 7 Ky. Op. 252; Southern Nat. Life R. Corp. v. People's Bank (Ky.) 198 S. W. 543; Ward v. Goetting (Cal. Ct. of App.) 186 Pac. 640; 9 R. C. L. 209, par. 29; 18 C. J. 1170, par. 59.

Under the main issue, therefore, upon the dismissal of the cross-petition, there remained in the case the petition of plaintiff, which, as noted, alleged ownership of the property, and that the same was vacant and unoccupied, and that the defendants held various instruments which clouded plaintiff's title, and prayed for cancellation and removal thereof and for general relief. As to the defendants, there remained in the case their answer of general denial, and the admission of being the holders of the instruments described, and that the property had theretofore been transferred by certain of the defendants to the defendant Bartlett Developing Syndicate.

The principal issue in the case under the remaining pleadings, therefore, was that of ownership of the property, but in order to call into exercise the power of judicial determination thereof, it was necessary for plaintiff to show, by a preponderance of the evidence as a requisite to the maintenance of the action, that the property was vacant and unoccupied as he alleged. Upon the status of the property, the court found from the evidence that the same was in the possession of defendants at the commencement of the action.

Plaintiff concedes in his brief that the status of the property as thus alleged was a necessary element to have been established in his favor, in order to have maintained the action, if the defendants had elected to make this an issue in the case, as they had the right to so do; but he contends that, having filed their cross-petition alleging possession in themselves and praying for affirmative relief against plaintiff, the question of possession became immaterial; and the cause being one in equity, through the pleadings of the parties the court acquired jurisdiction of the subject-matter for all purposes in connection therewith. In support of this contention, plaintiff relies upon many cases by this court, which lay down the general rule "that a court of equity having once obtained jurisdiction of the controversy will retain such jurisdiction for the purpose of administering complete relief", citing Brown v. Winne, 92 Okla. 289, 219 Pac. 114; McDonald v. Bohling, 102 Okla. 243, 228 Pac. 783, and many other cases to like effect.

In further support thereof he relies upon another line of cases, which lay down the rule that, in a controversy of the character here involved and under a like state of facts as to the question of possession, "it is no objection to the jurisdiction of the court in an action to quiet title that plaintiff is not in possession, where defendant files a cross-petition asking that his own title be established and quieted, as the court is thereby given jurisdiction of the entire controversy," citing Davenport v. Wolf, 59 Okla. 92, 158 Pac. 382; Wilson v. Cox, 100 Okla. 300, 229 Pac. 267; Daugherty v. Looney, 108 Okla. 279, 236 Pac. 583; and many other cases to like effect.

While the rules thus laid down may now be regarded as elementary, yet they may not be said to conclude the question in hand, as the same was not therein involved.

In final support of his contention plaintiff quotes the general rule from 15 C. J. 824, as follows:

"It is well established, as a general rule, that jurisdiction once acquired is not defeated by subsequent events, even though they are of such character as would have prevented jurisdiction from attaching in the first instance"

—and thereunder cites Crosbie v. Brewer, 68 Okla. 16, 158 Pac. 388, 173 Pac. 441. The principle as thus laid down was in that case applied in a guardianship cause, where the residence of the ward was established in a county other than where the cause was pending, and it was held that such act of the party did not oust the original county of jurisdiction. This principle likewise does not appear to reach the matter in hand, for that the act of the defendants in dismissing their cross-petition was with the express approval of the court.

There is no doubt that "where a court of equity has obtained jurisdiction of the controversy for any purpose, it will retain jurisdiction for the purpose of administering complete relief, and it may do this and determine purely legal rights which otherwise would be beyond its authority." Brewer v. Oil Well Supply Co., 126 Okla. 108, 258 Pac. 866; First National Bank of Ada v. Elam, 126 Okla. 93, 258 Pac. 896. But this presupposes that the necessary averments by virtue of which the court acquired jurisdiction were established. 21 C. J. 142, par. 123; 10 R. C. L. 372, par. 121. The rule is not without application in cases of the class in hand, and this is true though the action be one at law as contended by defendants (McMurrough v. Alberty, 90 Okla. 4, 215 Pac. 193), or in equity as contended by plaintiff. Toledo, St. L. & N. O. R. R. Co. v. St. Louis & O. R. Co., 208 Ill. 623; Hayfield v. Wernicke. 65 Fla. 113, 61 South. 191, Ann. Cas. 1917-A, 1193; Schook v. Zimmerman, 188 Mich. 617, 155 N. W. 526; Fuller v. Hanson,

187 Ill. App. 417; Childs v. M., K. T. Ry. Co., 221 Fed. 219.

In Toledo, St. L. & N. O. R. R. Co. v. St. Louis & O. R. Co., supra, the court said:

"While it is true that a court of equity which has jurisdiction of a cause by reason of the existence of some ground of equitable jurisdiction, for the purpose of doing complete justice between the parties, may, in addition to the equitable relief, afford relief of a character which in the first instance is only obtainable in a suit at law, still, to authorize relief of the latter character, some special and substantial ground of equitable jurisdiction must be alleged in the bill and proved upon the hearing. Mere statements in a bill upon which the chancery jurisdiction might be maintained, but which are not proved, will not authorize a decree upon such parts of the bill as, if standing alone, would not give the court jurisdiction. 12 Ency. of Pl. & Pr. p. 165; Daniel v. Green, 42 Ill. 471; Logan v. Lucas, 59 Id. 237; Gage v. Mayor, 117 Id. 632; County of Cook v. Davis, 143 Id. 151."

In the cause at bar, as noted, the equity powers of the court were invoked on the ground that the property was vacant and unoccupied. Upon failure of the proof to sustain this allegation, there remained no other basis on which to ground equitable jurisdiction.

We reach the conclusion, therefore, that in an equity action to quiet title, where the plaintiff alleges that he is the owner of the property involved, and that said property is vacant and unoccupied, and these averments are by the defendants denied and a cross-petition filed averring ownership and possession of the property in them, whereunder they pray for affirmative relief, upon the dismissal of the cross-petition by defendants, with the approval of the court before final submission of the cause to the court for decision, as here, the case stands for disposal upon plaintiff's petition and defendants' answer of denial. And in such case the burden of proof is upon the plaintiff, not only to prove his title, but also to prove that the property is vacant and unoccupied, the basis on which he invoked the equity powers of the court, and a failure to sustain such averment will constitute ground of reversal where the court rendered judgment quieting title in plaintiff and awarding possession.

This conclusion renders it unnecessary to determine the other questions raised by the record. Accordingly the judgment of the district court is reversed, and the cause remanded, with directions to grant the defendants a new trial.

BENNETT, REID, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.