## MARSHALL v. WARD et al.

No. 21935.   Jan. 23, 1934.

Rizley & Sweet, for plaintiff in error.

Miles & Miles and S. C. Bloss, for defendants in error.

BAYLESS, J.   W. T. Ward et al., defendants in error, but referred to herein as plaintiffs, obtained a judgment in the district court of Beaver county, Okla., by the consideration of the court, against Dennis B. Marshall, personally, and Dennis B. Marshall, administrator with will annexed of the estate of Mary A. Marshall, deceased, who is one and the same person, plaintiff in error, but referred to herein as defendant, quieting the plaintiffs' title to certain real estate.   The defendant appeals.

There is but one question presented by the defendant in his brief, and we shall state all of the facts necessary to an understanding of this question.   In the year of 1920, Mary A. Marshall, a widow, executed a deed to a farm, conveying thereby a life estate to the defendant, her son, with the remainder over to plaintiffs, who were trustees for the Southwestern College at Winfield, Kan.   On the same day she made a will, and, by its terms, after giving certain directions immaterial herein, named the de fendant as her residuary legatee or devisee. She died in 1925, and the person nominated in the will for executor being disqualified, the defendant presented the will for probate and was appointed administrator with will annexed.   He thereupon made claim that the deed given in 1920 by his mother was void for various reasons, that his deceased mother died possessed of and owning the land involved in this action, and that as the devisee of his mother's residuary estate, he was the owner in fee simple of this land subject only to the administration.   The plaintiff then filed this action to quiet their title to the land.

The sole question presented by the defendant is:   That the plaintiffs, not being in possession of this land, and not claiming that they were entitled to the possession thereof at the time they brought this suit, could not maintain this action.   He asserted that this is the general rule of law (51 C. J. 180, sec. 98, and 5 R. C. L. 647, sec. 16), and in keeping with the mandatory requirements of our statutes (section 591. O S. 1931) ; and is the rule heretofore announced by this court (Bartlett v. James, 140 Okla. 218, 282 P. 602).

The plaintiffs assert that the general rule, as announced in Corpus Juris and Ruling Case Law, supra, is subject to certain well-recognized exceptions, one of which is that the general rule does not apply to the holder of a future estate, especially remaindermen as they are (51 C. J. 185, sec. 101, and 5 R. C. L. sec. 15, note 4) ; that the statutory remedy to quiet title, supra, is not exclusive, but is cumulative to the existing equitable remedies ; and that this court has recognized and announced the exception to the general rule and has refused to hold the statutory remedy exclusive.

This court has recognized and announced the rule contended for by the defendant where applicable, but has also emphatically announced the exceptions to the rule when they were made to appear, as will be seen from Lair v. Myers, 71 Okla. 175, 176 P. 225, and Levindale, etc., Co. v. Fluke, 48 Okla. 480, 150 P. 481 (where land was not occupied by either party or their tenants) ; and Pine v. Webster, 118 Okla. 12, 246 P. 429 (where oil and gas lessee was ousted from possession by rival claimant) ; and Wilson v. Cox, 100 Okla. 300, 229 P. 267 (to quiet title of royalty owner, not in possession and not entitled to possession, against adverse claim) ; and Ashur v. McCreery, 150 Okla. 111, 300 P. 767 (to cancel instruments and quiet title where tenant wrongfully attorns).   There is yet another

case arising in Oklahoma in the federal court, and finally decided by the Supreme Court of the United States, Lancaster v. Kathleen Oil Co., 241 U. S. 551, 60 L. Ed. 1161, wherein it was said:

"It is said, however, if the bill be thus construed, the suit is in substance one to quiet title, and, under the well-settled rule, such a suit can be brought only by one in possession. Whitehead v. Shattuck, 138 U. S. 146, 34 L. Ed. 873, 11 Sup. Ct. Rep. 276; Boston &. M. Consol. Copper & S. Min. Co. v. Montana Ore Purchasing Co., 188 U. S. 632, 47 L. Ed. 626, 23 Sup. Ct. Rep. 434. But this contention overlooks the reason upon which the rule is based, as pointed out in the cases relied upon, which is that one out of possession has an adequate remedy at law by a suit in ejectment. As it is conceded that the legal remedy was not here available, and that there was hence jurisdiction in a court of equity to determine the right of possession, it is clear that the rule has no application, and that the court had equitable jurisdiction to determine all the issues presented by the bill."

This reason back of the exception to the rule is particularly applicable here. Under the conveyance by which the plaintiffs claim, they are not entitled to possession until the death of the defendant, an event yet to occur. Consequently, they do not have the legal remedy of ejectment. Not only are they without a legal remedy, but, since the defendant has repudiated the deed from his mother to him, attempting to vest him with a life estate therein and possession thereof, and has asserted that his mother died possessed of and owning this property, which passed to him as her residuary devisee, thereby vesting in him a fee-simple title to the property (and he is possessed of the property), the plaintiffs may be barred by the statute of limitations in the event they permit his adverse claim of title and his claimed adverse and notorious possession to go unchallenged until his death, which may not occur until after the statutory period of limitations has run. This lack of a legal remedy may work irreparable loss upon the plaintiffs, and this is always ground for equitable relief.

Therefore, we adopt the exception to the general rule announced in 51 Corpus Juris, 185, sec. 101, supra:

"The general rule requiring plaintiff to be in possession at the time the action is commenced is subject to a further exception in favor of the holder of a future estate, such as a remainderman, who, pending the possession of the life tenant, can maintain an action to quiet his title"

—and 5 Ruling Case Law, sec. 15, note 4, supra:

"Again, while equity will not, as a rule, entertain a bill to remove a cloud from title in favor of one asserting a legal right when he is not in possession, yet if he shows some special equity, that is, some impediment to the assertion of his rights at law, as exists in the cases of a reversioner, where the existence of a life estate with possession by one holding under the life tenant is deemed to be such an impediment, a bill to remove a cloud on title may be maintained independently of possession."

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BUSBY, JJ., concur.