## A. BLACK v. J. P. HARSHA.
### No. 227.

AGENCY COUPLED WITH INTEREST— *Derivation from Same Source.* To constitute an agency coupled with an interest, both agency and interest must be derived from the same source.

Error from Rice district court; ANSEL R. CLARK, judge. Opinion filed August 19, 1898. Affirmed.

*Sam. Jones,* and *C. F. Foley,* for plaintiff in error.
*D. W. Dunnett,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action in replevin was brought by J. P. Harsha to recover possession of a stock of general merchandise. A. Black, defendant below, was the holder of a second mortgage which covered two stocks of goods, one at Saxman and the other at Alden, in Rice county, and some other chattels, and he entered into possession of the larger stock to sell the same at retail, under an agreement then made with the Lyons Exchange Bank, the holder of the first mortgage upon the same property (the mortgagor consenting), that the stocks of goods should be consolidated at Saxman; that certain staple articles to keep the stock salable should be supplied by the bank; that the proceeds of the sales should be first applied to the satisfaction of the debt secured by the first mortgage, and then to the satisfaction of the claim of the second mortgagee, who was to have a reasonable time in which to dispose of the goods at retail, and was to receive no remuneration for his services. The first mortgage secured a debt of nearly $1200, and the second a debt of $800.

After the second mortgagee had conducted the busi-

ness for about four months, during which time the sum of $337 was applied from the proceeds of sales upon the first mortgagee's claim, Harsha, the assignee of this claim and of the first mortgage, who was bound by the contract between the bank and Black, caused the goods at Saxman to be sold at public sale under the terms of the first mortgage. Delivery of possession of the goods to Harsha upon his demand was refused by Black both before and after the sale. Upon the trial, after the defendant had made his statement of his defense, embracing the foregoing facts and substantially all the evidence which had been introduced by both parties at the former trial of the case, the court withdrew the case from the jury and rendered judgment in favor of the plaintiff, for the reason that the facts stated did not constitute a defense to plaintiff's cause of action.

Counsel for plaintiff in error contend that the above-mentioned transactions created an "agency coupled with an interest"—an agency irrevocable by the holder of the first mortgage without the consent of the agent, the holder of the second mortgage. We think counsel are mistaken. An examination of a large number of decisions has led us to the conclusion that both the agency and the interest must flow from the same source in order to create an agency coupled with an interest. This was not true in the present case. The interest of A. Black in the mortgaged goods was obtained under the second mortgage; his special agency to sell the goods came from a contract entirely outside of that contained in such mortgage— that is, an agreement between himself and the bank. As bearing on this question, see *Gilbert v. Holmes*, 64 Ill. 560; *Hunt v. Rousmanier*, 8 Wheat. 206.

The breach by Harsha of the contract under which

Black held possession gave to the latter a right of action for whatever damages he had sustained by reason of such breach, but not the right to continue to hold and sell the merchandise. (*Parke v. Frank*, 75 Cal. 364, 17 Pac. Rep. 427.)

The judgment of the district court is affirmed.