Argued at Pendleton October 29; affirmed November 14, 1945

# SCOTT *v.* HALL ET AL.

(163 P. (2d) 517)

Before BELT, Chief Justice, and ROSSMAN, BAILEY, LUSK and HAY, Associate Justices.

*E. M. Sabin,* of Union, for appellant.

*T. Walter Gillard,* Assistant Attorney General (George Neuner, Attorney General, on the brief), for respondent State Industrial Accident Commission.

No appearance for respondent Walter Wallace Hall.

LUSK, J.

This suit was brought for the purpose of obtaining a decree of the court enjoining the defendant Hall from revoking a certain power of attorney executed by him to the plaintiff Scott, and requiring the defendant State Industrial Accident Commission to govern itself by the terms of such power of attorney.

The plaintiff has appealed from a decree in favor of the defendants.

The case was decided below on the pleadings. Hall demurred to the complaint and his demurrer was sustained. The commission filed an answer and the plaintiff a reply, but later, pursuant to stipulation of the parties, the plaintiff demurred to the affirmative matter in the commission's answer and the demurrer was overruled.

The facts alleged in the complaint may be summarized as follows: The defendant Hall had filed with

the commission a claim for personal injuries under the Workmen's Compensation Act, which was allowed, and on which there was a balance due Hall of $1,094.00, payable in monthly installments of $25.00. On December 10, 1943, Hall executed to the plaintiff for a valuable consideration a promissory note for $1,050.00, payable in monthly installments of $25.00, and contemporaneously therewith he executed the power of attorney in question ''for the purpose of securing the payment'' of such promissory note. The material portion of the power of attorney is as follows:

> ''KNOW ALL MEN BY THESE PRESENTS, That I, Walter W. Hall, of Union, Oregon, do hereby constitute and appoint C. L. Scott, of Union, Oregon, my true and lawful attorney for me and in my name to receive and endorse my name to checks to be issued to me by the State Industrial Accident Commission, due to be paid me under claim No. 788029, allowed by said Commission, until the full and entire sum due to be paid to me under said claim shall have been paid.
>
> ''And I direct said Commission to send said checks and each of them to said C. L. Scott at Union, Oregon.''

The power of attorney is alleged to be ''coupled with an interest'' and ''irrevocable''. Plaintiff lodged it with the commission, which, in compliance with its terms, sent Hall's monthly checks to Hall in care of the plaintiff for a period of twelve months. The plaintiff received the checks, endorsed them, and received the proceeds thereof to the amount of $275.00. In December, 1944, Hall notified the commission of his intention to revoke the power of attorney and instructed the commission to send his checks directly to him and not in care of the plaintiff. It is alleged that unless Hall is restrained from revoking the power of attorney

and the commission from sending the checks directly to Hall, the plaintiff will suffer irreparable loss, as Hall is insolvent and execution proof.

The commission, in its answer, admits substantially all the allegations of the complaint except the execution of the promissory note by Hall to Scott and the allegations that the power of attorney was coupled with an interest and irrevocable, and that defendant Hall is insolvent and execution proof. The commission's affirmative answer is a restatement in different form and somewhat greater detail of the matters alleged in the complaint in respect of the commission's dealings with the power of attorney. Attached to the answer as an exhibit is a copy of a letter dated December 15, 1943, written by the commission to the attorney for the plaintiff, acknowledging receipt of the power of attorney, which, it is stated, "is being accepted as revocable at the will of Mr. Hall since the Compensation Law specifically prohibits the assignment of compensation payment."

LUSK, J.

■ A demurrer to an answer searches the record and brings into consideration the complaint and challenges its sufficiency. 41 Am. Jur., Pleading, 456, § 234. Hence, the case is before us as though both defendants had demurred to the complaint. If the complaint fails to state facts sufficient to constitute a cause of suit the decrees must be affirmed.

Section 102-1770, O. C. L. A., provides in part:

"No moneys payable on account of injuries or death hereunder shall be subject to assignment prior to the receipt thereof by the beneficiary entitled thereto, nor shall the same pass by operation of law."

If the transaction pleaded constituted an assignment of the moneys coming to Hall from the commission it was void; Hall had the right to revoke it; the commission was bound by Hall's directions, and it could not be the foundation of any relief to the plaintiff at law or in equity.

■ "Attorneys in fact created by formal letters of attorney are merely special kinds of agents", 2 Am. Jur., Agency, 29, § 26; and in construing such letters or powers and determining their effect the principles of the law of agency apply, *id*.

The power of attorney set forth in the complaint is, on its face, a mere direction to the commission to send Hall's checks to the plaintiff with authority to the latter to endorse them. It does not purport to transfer to the plaintiff any interest in the fund, and, for all that appears from the instrument standing alone, the plaintiff's authority was limited to receiving the checks and endorsing them. In that view the agency was clearly revocable at the will of Hall. *Sphier v. Michael*, 112 Or. 299, 312, 313, 227 P. 1062, 229 P. 1100; *Wakefield, Fries & Co. v. Parkhurst*, 84 Or. 483, 486, 165 P. 578; *Commercial National Bank v. Portland*, 37 Or. 33, 39, 54 P. 814, 60 P. 563; 2 Am. Jur., Agency, 37, § 37.

■ The complaint, however, alleges that the power of attorney was executed contemporaneously with the execution of the promissory note by Hall to Scott for the purpose of securing payment thereof, and was coupled with an interest. It is familiar law that an agency, coupled with an interest in the thing upon which the agency operates, is irrevocable. *Sphier v. Michael*, supra, 112 Or. at p. 313. And it is likewise established that "if an agency or power is given as a security, it is,

from its very nature and character in contemplation of law, irrevocable", 2 Am. Jur., Agency, 65, § 80; *Hunt v. Rousmanier's Administrators*, 8 Wheat. U. S. 174, 5 L. ed. 589.

If, then the plaintiff had an interest in the thing upon which the agency operated, namely, the fund in the hands of the commission, it was because such interest was transferred to him by the defendant Hall through the power of attorney; and such a transfer would constitute an equitable assignment of a portion of the fund.

■ As stated by Mr. Justice ROBERT S. BEAN in *McDaniel v. Maxwell*, 21 Or. 202, 205, 27 P. 952, 28 Am. St. Rep. 740:

> "In order, therefore, that there may be an equitable assignment creating an equitable property, there must be a specific fund, sum or money, or debt actually existing or to become due in the future, and the order must be in effect an assignment of that particular fund or some designated portion thereof. No particular form of words or particular form of instrument is necessary to effect such assignment. Any binding appropriation of it to a particular use is an assignment, or what is the same, a transfer of the ownership."

See, also, *Wasco County v. New England Equitable Insurance Co.*, 88 Or. 465, 472, 172 P. 126, L. R. A. 1918D 732, Ann. Cas. 1918E 656; *Sweeney v. Jackson County*, 93 Or. 96, 110, 178 P. 365, 182 P. 380; *Willard v. Bullen*, 41 Or. 25, 33, 67 P. 924, 68 P. 422; *Commercial National Bank v. Portland*, 37 Or. 33, 39, 54 P. 814, 60 P. 563; *Rinehart & Dennis Co. v. McArthur*, 123 Va. 556, 96 S. E. 829; *National Bank of the Republic v. United Security Life Insurance & Trust Co.*, 17 App. Cas. (D. C.) 112; Note, Ann. Cas. 1918D 620-625.

Accordingly, it is said in 6 C. J. S. 1117, § 62:

"A power of attorney given to one to collect or receive a debt or fund will, as between the parties thereto, operate as an equitable assignment of the debt or fund authorized to be collected or received, where such power is coupled with an interest in the subject matter and is intended as a transfer of it. If, however, the power is not made upon a valuable consideration or is a mere naked authority, it will not operate as an equitable assignment."

The following cases, among others, support the text: *Watson v. Bagaley,* 12 Pa. St. 164, 51 Am. Dec. 595; *Estate of Keys,* 137 Pa. St. 565, 20 Atl. 710, 21 Am. St. Rep. 896; *Goodsell v. Benson,* 13 R. I. 225, 230; *Hawes v. William R. Trigg Co.,* 110 Va. 165, 65 S. E. 538; *Norton v. Whitehead,* 84 Cal. 263, 24 P. 154, 18 Am. St. Rep. 172. See, also, 4 Am. Jur., Assignments, 300, § 87.

■ In view of the foregoing legal principles, the whole case may be properly summed up in the following language taken from the well-considered opinion of the judge of the circuit court:

"The conclusion would seem to be inescapable that in this case the plaintiff is confronted by two possible situations, either one of which is fatal to his right to the relief demanded. If the power of attorney was not coupled with an interest then it is revocable, and plaintiff could not recover. On the other hand, if the power of attorney was coupled with an interest and was not revocable, as claimed by counsel for plaintiff, then it unquestionably amounts to an equitable assignment and is void under the statute."

The decrees are affirmed, with costs to the defendants; and the restraining order issued by the court at the time that plaintiff gave notice of appeal is dissolved.