FIRST NATIONAL BANK, Little Rock, Ark.,
Trustee of the Retirement Plan for Employees of MOBLEY
CONSTRUCTION Company, Inc., & James Barron
MOBLEY, Jr. *v.* MERCHANTS & PLANTERS BANK
of Newport, Arkansas, and Fred M. PICKENS, Jr.

74-53                                              510 S.W. 2d 874

Opinion delivered July 1, 1974

*George W. Boland,* for appellants.

*Pickens, Boyce, McLarty & Watson,* by: *James A. McLarty,*
for appellees.

FRANK HOLT, Justice. Appellant Mobley borrowed
$12,500 from appellee Merchants and Planters Bank.
Appellee Pickens guaranteed the loan. Repayment of the loan
was to be made by appellant Mobley from two separate funds
from which he received monthly payments. The fund in-
volved in this litigation is the Mobley Retirement Plan. The
plan, established by Mobley's deceased father, is a
spendthrift trust since it contained a non-assignability clause.
Mobley, however, executed a power of attorney for Pickens,
his longtime friend and benefactor who was aware of the
restrictive provision, and instructed the trustee of the plan,
appellee First National Bank, to forward Mobley's monthly
payments under the plan to Pickens for payment to the bank.

For about two years Pickens regularly applied the payments to the appellant bank or until Mobley filed a petition in bankruptcy in the United States District Court in Colorado. Mobley then revoked the power of attorney given to Pickens, who had notice of the proceeding, and instructed the trustee to stop sending Pickens the payments. A balance of $2,971.85 was owed on the loan. Mobley was adjudicated a bankrupt. The bankruptcy court discharged Mobley's debt due to Merchants Bank and also discharged the debt due Pickens. The court also concluded that the Mobley Retirement Plan was beyond the reach of the trustee in bankruptcy and Mobley's creditors could not recover from the fund. However, Pickens' interest in the fund by virtue of his guarantee of the loan was ordered left for a determination in the pending litigation instituted by appellees in the Arkansas court.

The chancellor here found that the power of attorney was irrevocable and ordered appellant First National Bank to ascertain the balance owing the appellee Merchants Bank by Pickens as a surety and further ordered First National to pay to Merchants Bank such funds as are necessary to satisfy the Pickens' debt to Merchants Bank. Appellants contend that the power of attorney was erroneously found by the trial court to be irrevocable.

The general rule is that a power of attorney coupled with an interest, which position appellee Pickens asserts he has, makes the appointment irrevocable. See, e.g. *McColgan* v. *Bank of California,* 208 Cal. 329, 274 P. 342 (1929). However, the cases bearing on the issue before us indicate that an attempted assignment of future income from a spendthrift trust is regarded as merely a direction to the trustee for payment of sums as they accrue subject, however, to the right of revocation by the beneficiary at any time. *In re Stern's Estate,* 176 N.Y.S. 2d 787 (1958); and *In re Easton's Estate,* 13 N.Y.S. 2d 295 (1939). Accord, Bogart, Trust and Trustees § 226 (2d. Ed. 1965), and Restatement of Trusts 2d § 152, Comment i (1959). For other cases dealing with power of attorney assignments being revocable for public policy or statutory reasons, see *Scott* v. *Hall,* 177 Or. 403, 163 P. 2d 517 (1945), *Norton* v. *Tuttle, et al,* 60 Ill. 130 (1871), and *In re Nunno's Estate,* 293 N.Y.S. 827 (1937). In the case at bar, since the

retirement fund contained a non-assignment clause, the power of attorney, even though given for security, was revocable at any time and the lower court erred in holding to the contrary.

We are not unmindful that in business transactions the confidence of benefactors, based upon long friendships, are sometimes misplaced. However, we cannot hold in the case at bar that the power of attorney was irrevocable. To do so in the factual situation in this case is most appealing; however, it would constitute a precedent that would impair, if not in effect nullify, the purpose of spendthrift trusts. As the late Mr. Justice Frank Smith so aptly wrote in *Byler* v. *State,* 210 Ark. 790, 197 S.W. 2d 748 (1946), "The answer is, 'Twill be recorded for a precedent and many an error by the same example will rush into the state. It cannot be.' "

Neither can we agree that the doctrine of unclean hands can be applied to invalidate or intrude upon the spendthrift provision of a trust. We have found no such authority and neither have appellants cited any to us.

We deem it unnecessary to discuss appellants' other contentions for reversal.

Reversed and dismissed.