Argued February 18, affirmed April 5, reconsideration denied May 12, petition for review denied May 18, 1976

## STATE ex rel JOHNSON, *Appellant,*

*v.*

## INTERNATIONAL HARVESTER CO., *Respondent.*

### (No. 400622E, CA 4742)

548 P2d 176

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Vawter Parker,* Portland, argued the cause for respondent. With him on the brief were James H. Clarke, Craig E. Iverson, and Dezendorf, Spears, Lubersky & Campbell, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

[ 9 ]

**SCHWAB, C. J.**

In this suit in equity brought under the Unfair and Unlawful Trade Practices Act, ORS ch 646, the state's complaint charged the defendant with misrepresenting the capacity of a truck, sold to one Valeu, in violation of ORS 646.608(1)(e) and (g).[1] The state sought (1) a civil penalty, (2) attorney fees, (3) an order that the defendant modify the truck so that it complied with defendant's representations to Valeu, and (4) an injunction restraining defendant

> " * * * from representing that goods have characteristics or qualities that they do not have, and from representing that goods are of a particular standard, quality or grade if they are of another."

The court found that the truck had been misrepresented but that the defendant had modified it to meet the representations prior to trial. The court awarded Valeu $500 pursuant to ORS 646.636[2] and ordered the defendant to pay costs and attorney fees, but refused to issue an injunction. The state appeals from that portion of the court's decree denying the injunction.

The issue on appeal is: Does the Unfair and Unlawful Trade Practices Act make it mandatory for the court to issue an injunction in every instance where it finds that a defendant in a proceedings brought under the Act has committed a violation of the Act or is the

---

[1] "(1) A person engages in a practice hereby declared to be unlawful when in the course of his business, vocation or occupation he:

"* * * * *

"(e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that he does not have;

"* * * * *

"(g) Represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if they are of another." ORS 646.608(1)(e) and (g).

[2] "The court may make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property, real or personal, of which he was deprived by means of any practice declared to be unlawful in ORS 646.608, or as may be necessary to insure cessation of unlawful trade practices." ORS 646.636.

issuance of an injunction a matter of discretion?[3] We hold that it is a matter of discretion.

We are persuaded by the rationale of *Hecht Co. v. Bowles,* 321 US 321, 64 S Ct 587, 88 L Ed 754 (1944). That case involved an action by the Price Administrator for an injunction to restrain defendant from violating the Emergency Price Control Act. The pertinent statute provided that upon a showing that a person had engaged in acts or practices in violation of the Act, an injunction "shall be granted." Despite the quoted language the Supreme Court found room for judicial interpretation of the Act and held that the Administrator, having established that defendant had engaged in acts or practices violative of the Act, was not entitled as of right to an injunction. The court stated:

> " * * * We are dealing with the requirements of equity practice with a background of several hundred years of history. * * * The historic injunctive process was designed to deter, not to punish. The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims. We do not believe that such a major departure from that long tradition as is here proposed should be lightly implied * * *." 321 US at 329-30.

This language was quoted with approval recently in *Rondeau v. Mosinee Paper Corp.,* 422 US 49, 95 S Ct 2069, 2077, 45 L Ed 2d 12 (1975).

ORS 646.632, considered separately or together with ORS 646.636, does not explicitly and unequivocally direct that an injunction issue in every instance where it is proven that an unlawful trade practice has

---

[3]In oral argument the state in effect agreed that if issuance of an injunction is discretionary and not mandatory, the facts of this case were such that refusal to issue an injunction was not an abuse of discretion.

or is about to occur. We agree with the United States Supreme Court's statement that if the legislature

> " * * * had intended to make such a drastic departure from the traditions of equity practice, an unequivocal statement of its purpose would have been made." 321 US at 329.

Affirmed.

**THORNTON, J.,** concurring.

While I am in accord with everything stated in the prevailing opinion, it seems to me that we have not fully addressed the precise issue the state raises in its appeal.

The state's assignment of error reads:

> "The trial court erred in refusing to enjoin the defendant from further violations of ORS 646.608(1)(e) and (g). The trial court erred in concluding that an injunction should not issue since the defendant had engaged in a single unlawful act, rather than in an unlawful method or practice."

In its brief the state says:

> "This case presents a legal question of first impression in this jurisdiction: whether, to obtain an injunction under the Oregon Unlawful Trade Practices Act, ORS 646.605 et seq., the state must show a continuing unlawful method or practice, or whether the Act provides for the issuance of an injunction following a single unlawful act?"

From an examination of the Act, it would appear that the legislative intent on this point was this: that proof of a single past unlawful action could, in some circumstances, justify the issuance of an injunction, and that in those circumstances it would not be necessary for the state to show a continuing unlawful practice in order for an injunction to be granted. Nevertheless, the issuance of an injunction under the Act is still a matter of sound judicial discretion, as the United States Supreme Court has held in applying similar

[ 13 ]

statutory provisions. These decisions are cited in the prevailing opinion.

Thus the trial judge here did not err when he refused to issue the injunction for the reason that the evidence established that defendant had engaged in a single unlawful act only.