**I.C. MARKETING, INC., dba Publishers Services Exchange, Inc., Plaintiff–Appellant,**

v.

**AMOS PRESS, INC., Defendant–Appellee.**

No. 03–36044.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided Sept. 8, 2005.

Alan R. Herson, Esq., Jacksonville, OR, for Plaintiff–Appellant.

Jill M. Vollman, Esq., Richard M. Goehler, Esq., Frost Brown Todd, Cincinnati, OH, for Defendant–Appellee.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

I.C. Marketing, Inc. (ICM) appeals the district court's judgment, and injunction, in favor of Amos Press, Inc., in a dispute that arose after Amos refused to allow ICM to sell as an agent, subagent, or otherwise, Amos's "Coin World" publication. We affirm.

■ (1) ICM asserts that the district court erred when it granted summary judgment to Amos on ICM's claim that Amos had defamed it when Amos published warnings about ICM to those who were

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

interested in Coin World—mostly customers of Amos. We disagree. Amos had an important business interest in protecting against confusion and ill will among its customers and potential customers arising from ICM's selling techniques. Even if some of the assertions were defamatory, Amos' interests, the interests of its customers, and the joint interests of both, privileged Amos to make the statements it did,[1] and, on this record, it cannot be said to have abused the privileges.[2]

■ (2) ICM also asserts that the district court erred when it granted summary judgment to Amos on ICM's claim that Amos interfered with ICM's business relations. Again, we disagree. To prevail, ICM would have to show that Amos's actions were wrongful. *See Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201, 582 P.2d 1365, 1370–72 & n. 11 (1978); *Thompson v. Tel. & Data Sys., Inc.*, 130 Or.App. 302, 881 P.2d 819, 826 & n. 1 (1994). In effect, however, the claim of "wrongfulness" rested on the defamation claim, and when that fell, so too did the interference claim. *See Med. Lab. Mgmt. Consultants v. Am. Broad, Cos., Inc.*, 306 F.3d 806, 821 (9th Cir.2002).

■ (3) Next, argues ICM, the district court erred when it granted Amos summary judgment on Amos's claim that ICM was interfering with Amos's business relations. The district court did not err. Amos had no duty to allow ICM to sell Coin World in the face of customer complaints. When it exercised its business prerogative to disallow these sales, whether as agent, subagent, or otherwise, ICM

had no right to continue to purport to sell Coin World subscriptions. *See Sphier v. Michael*, 112 Or. 299, 227 P. 1062, 1064 (1924); *see also* Restatement (Second) of Agency § 5(1) reporter's notes I, ultimate paragraph; Restatement (Second) of Agency § 118 cmt. e. It insisted upon doing so and, thereby, interfered with Amos's relations with Coin World subscribers or would-be subscribers.

■ But, ICM asserts that even if it has violated Amos' rights and continues to do so, it should not have been enjoined because damages would suffice and the injunction issued was too broad. We disagree. ICM threatens to go on selling Coin World subscriptions despite Amos's disallowing those sales. That threat by ICM to continue its wrongdoing warrants injunctive relief; the law does not relegate Amos to continuing harm to its own business reputation or to an endless succession of difficult damage actions. *See Eldridge v. Johnston*, 195 Or. 379, 245 P.2d 239, 253–54 (1952); *Phipps v. Rogue River Valley Canal Co.*, 80 Or. 175, 156 P. 794, 796 (1916); *Bates v. Dep't of Motor Vehicles*, 30 Or.App. 791, 568 P.2d 686, 687 (1977). Nor was precluding ICM from offering to sell subscriptions to Coin World overbroad.

■ Finally, ICM claims that the injunction of its misrepresentations about its right to sell Coin World subscriptions violates the state and federal constitutions. That is not so. *See Ill. ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 612, 617, 123 S.Ct. 1829, 1836, 1839, 155 L.Ed.2d 793 (2003); *In re R.M.J.*, 455 U.S.

---

1. *See Wallulis v. Dymowski*, 323 Or. 337, 918 P.2d 755, 760–62 (1996); *Wattenburg v. United Med. Labs., Inc.*, 269 Or. 377, 525 P.2d 113, 114 (1974); *High v. A.J. Harwi Hardware Co.*, 115 Kan. 400, 223 P. 264, 268 (1924); *see also* Restatement (Second) of Torts §§ 593–96.

2. *See Schafroth v. Baker*, 276 Or. 39, 553 P.2d 1046, 1049 (1976); *Vanderselt v. Pope*, 155 Or.App. 334, 963 P.2d 130, 136–37 (1998); *see also* Restatement (Second) of Torts § 599.

191, 203, 102 S.Ct. 929, 937, 71 L.Ed.2d 64 (1982); *State ex rel. Redden v. Disc. Fabrics, Inc.,* 289 Or. 375, 615 P.2d 1034, 1038 n. 7 (1980); *State ex rel. Johnson v. Int'l Harvester Co.,* 25 Or.App. 9, 548 P.2d 176, 177 (1976).

(4) ICM also objects to certain of the district court's evidentiary rulings. However, the district court did not abuse its discretion in issuing those. *See Madeja v. Olympic Packers, LLC,* 310 F.3d 628, 639 (9th Cir.2002); *Orr v. Bank of Am.,* 285 F.3d 764, 773, 777–78 & n. 24 (9th Cir. 2002); *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1182–83 (9th Cir.1988).

AFFIRMED.